UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PAUL S. GONZALES, TDCJ # 510899, | § § | |
| Petitioner | § § | |
| v. | § § | Civil Action |
| | § | No. SA-15-CA-319-OLG |
| WILLIAM STEPHENS,<br>   Texas Department of Criminal Justice<br>   Correctional Institutions Division Director, | § § § § | |
| Respondent | § § | |

# MEMORANDUM DECISION

Before the Court are Petitioner Paul S. Gonzales' 28 U.S.C. § 2254 Habeas Corpus Petition (Docket Entry # 1), Respondent's Motion for Reconsideration of this Court's Order denying Respondent's Motion to dismiss the Petition as successive (Entry # 21), and Respondent's Answer addressing Gonzales' claims and seeking denial and dismissal of the Petition (Entry # 23).

## - Procedural History -

Petitioner Gonzales was convicted in Bexar County in 1989 of burglary of a vehicle and was sentenced to life in *State v. Gonzales*, No. 89-CR-776 (Tex. 227th Jud. Dist. Ct., *jmt. entered* April 12, 1989). While on parole, Gonzales was convicted in Bexar County in 2013 of possession with intent to distribute a controlled substance and was sentenced to ten years in *State v. Gonzales*, No. 2013-CR-422 (Tex. 226th Jud. Dist. Ct., *jmt. entered* Feb. 19, 2013). In 2013 his parole on his 1989 burglary conviction was revoked following a hearing. His State habeas corpus application was denied. *Ex parte Gonzales*, No. 22,375-7 (*denied* April 1, 2015).

Gonzales' § 2254 Petition contends: his parole was revoked based on a false affidavit; his parole revocation hearing was not timely; and he was denied due process when his parole hearing was conducted in prison and thus not open to the public.

### - Respondent's Motion for Reconsideration -

This Court previously denied Respondent's Motion to Dismiss Gonzales' § 2254 Petition as successive because Gonzales' current Petition and his previous petition were predicated on different underlying State convictions, i.e. his current Petition challenges the 2013 revocation of his parole from his 1989 burglary of a vehicle conviction, while his previous petition challenged his 2013 drug conviction. Respondent moves for reconsideration relying on *Propes v. Quarterman*, 573 F.3d 225 (5th Cir. 2009), where "the petitioner first challenged a disciplinary proceeding then was barred from challenging the underlying conviction." Respondent's reliance on *Propes* is misplaced. In *Propes* both petitions were predicated on the same underlying conviction, and therefore the claims could have been brought in the same initial petition, rendering the latter petition successive. Gonzales' petitions are based on different underlying convictions by different courts, and thus his challenges could not have been presented in the same federal petition. Therefore Respondent's Motion for Reconsideration shall be denied and this Court shall proceed to the merits of Gonzales' claims.

### - Discussion -

Federal habeas corpus relief is available only where the petitioner demonstrates he is in custody in violation of his constitutional or other federal rights. 28 U.S.C. §§ 2241, 2254. State law errors that do not implicate constitutional rights are not a basis for habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Rule 2(d) of the Rules Governing § 2254 Proceedings states the petition "shall set forth in summary form the facts supporting each of the

grounds." Conclusory and speculative allegations are not sufficient to entitle a petitioner to a hearing or relief in a § 2254 case. *West v. Johnson*, 92 F.3d 1385, 1398-99 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997); *Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996).

Section 2254(b)(1)(A) requires the petitioner to exhaust available state court remedies before seeking federal habeas corpus relief. To exhaust state remedies in Texas, a petitioner must present his claim to the Texas Court of Criminal Appeals by direct appeal or through a post-conviction writ application. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Section 2254(d) requires this Court to defer to the state court's reasonable interpretations of federal law and reasonable determinations of fact in light of the evidence presented in the state proceedings. Factual determinations of a state court are "presumed to be correct," and the petitioner has the burden of rebutting this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Gonzales first complains that his parole was revoked based on an affidavit falsely stating he stabbed an individual and he had three arrests for terrorist threats. The Board of Pardons and Paroles revoked Gonzales' parole because he sustained a new felony conviction for possession of a controlled substance in violation of his parole conditions. Therefore even if an affidavit containing inaccurate details as Gonzales alleges was introduced at the hearing, Gonzales was not prejudiced by this because his new conviction was sufficient for his parole revocation.

Gonzales next complains that his parole revocation hearing was conducted five months after his conviction and was not timely. To show a delay in holding the revocation hearing denied a petitioner due process, the petitioner must show "the delay undermine[d] his ability to contest the issue of the violation or to proffer mitigating evidence." *See U.S. v. Tippens*, 39 F.3d 88, 89 (5th Cir. 1994). Gonzales has made no such showing.

Gonzales next complains that his parole revocation hearing was conducted while he was a TDCJ prisoner at his TDCJ unit, and thus was not open to the public in violation of Texas law and his federal constitutional rights. Violations of state law are not a basis for federal habeas corpus relief. *See Estelle v. McGuire*, 502 U.S. at 67. Gonzales failed to show he has a constitutional right to parole revocation proceedings that were open to the general public, and this Court found no such authority. The Supreme Court's decision in *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), which lists the due process requirements for parole proceedings, does not require that such a proceeding be open to the general public. Even if there were such a requirement, Gonzales has not alleged or shown how he was prejudiced by lack of such a hearing.

The State court's denial of Gonzales' claims is reasonably supported by the record and consistent with federal law as required by § 2254(d), *see Ex parte Gonzales*, No. 22,375-7 (Entry # 11-18 at 87-90); therefore this Court is compelled to reach the same conclusion that Gonzales' § 2254 Petition is without legal or factual merit and must be denied. Because Gonzales failed to present a factual basis for his claims in state court, he is not entitled to a federal habeas corpus hearing. *See* 28 U.S.C. § 2254(e)(2). Furthermore, a habeas corpus petitioner is not entitled to relief or a hearing on his claims where: he failed to allege a basis for relief, he offers "conclusory allegations unsupported by specifics, contentions that in the face of the record are wholly incredible," *Perillo v. Johnson*, 79 F.3d at 444, or allegations that can be resolved on the record, *Lawrence v. Lensing*, 42 F.3d 255, 258-59 (5th Cir. 1994). Gonzales is not entitled to habeas relief or a hearing on his Petition because his claims are conclusory or defied by the record.

- Conclusion -

Accordingly, Respondent's Motion for Reconsideration (Entry # 21) of this Court's Order denying Respondent's Motion to Dismiss the current Petition as successive is **DENIED** for the reasons stated in this Court's previous Order (*see* Entry #19), and Petitioner Gonzales' § 2254 Petition is **DENIED** and this case is **DISMISSED WITH PREJUDICE**. All other pending motions are **DENIED** as moot. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability, *see Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct.1595, 146 L. Ed. 2d 542 (2000), and therefore this Court **DENIES** Petitioner a certificate of appealability. See Rule 11(a) of the Rules Governing § 2254 Proceedings.

**DATED:** November 19, 2015

ORLANDO L. GARCIA
United States District Judge